# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ANTWAN BOGAN,

      Plaintiff,

    v.                                 Case No. 19-CV-331

MICHAEL HAFMAN, HERNANDEZ,
RUGABER, CAPTAIN KEYS,
CAPTAIN SULLIVAN, CAPTAIN BACON,
CAPTAIN SHARIFAN, CAPTAIN HUTCHSON,
LT. MALLON, LT. JOHNSON WILLIAMS,
LT. BRICKNER, LT. MILIACCA,
LT. TARTDIFF, LT. SHOTSNYDER,
LT. ADDISON, SGT. GREUEL,
SGT. WILLIAMS, SGT. HILL,
SGT. WILDER, SGT. SNOWDEN,
SGT. OWTEN, SGT. GARIVEY,
SGT. BUTLER, CO BURTON,
CO TORREZ, CO ALEXANDER,
CO SMITH, CO MURRY,
CO BUCARI, CO GREHAM,
CO CURD, CO THORPE,
JOHN AND JANE DOES, AND LT. ZOLL,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Antwan Bogan, who is confined at the Milwaukee County Jail and who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. This decision resolves Bogan's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Bogan's motion to proceed without prepaying the filing fee and to screen the complaint in light of his consent to the full

jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## 1. Motion for Leave to Proceed without Prepaying the Filing Fee

The Prison Litigation Reform Act applies to this case because Bogan was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On March 19, 2019, the court ordered that Bogan would not be required to pay an initial partial filing fee, *see* 28 U.S.C. § 1915(b)(4), and it gave him until April 9, 2019, to voluntarily dismiss the case. (ECF No. 7.) Bogan has not voluntarily dismissed this case. Therefore, the court will grant Bogan's motion for leave to proceed without prepaying the filing fee. He must pay the filing fee over time in the manner explained at the end of this order.

## 2. Screening the Complaint

### 2.1 Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.2 The Complaint's Allegations

Bogan was confined at the Milwaukee County House of Corrections (HOC) at all times relevant. He sues thirty-three HOC staff members as well as an unspecified

number of John and Jane Doe correctional officers for "blindly following unjust orders and abuse of human, constitutional rights." (ECF No. 1 at 3.)

Bogan alleges that on November 17, 2018, he filed a grievance petitioning all HOC staff "to heed W.D.O.C. 350.24(3) Discipline as to what must be done to inmates whom break the rules and found guilty of doing so [sic]."[1] (ECF No. 1 at 4.) Bogan's grievance addressed

> the unlawful policy of HOC staff … denying all inmates their constitutional basic rights of: the right to correspond with family, friends, loved ones, access to the court, media, and paper, pencils, stamps, stamp envelopes, send out mail: personal or legal and get incoming mail; the right to properly groom by denying me: A. Bogan, and other inmates the right to have face towels to wash with, sheets on our raw mattresses, the right [to] a clean cell or cleaning supplies and even our property like pictures of family, friends, loved ones, drawings, books or other basic necessities.

(*Id.* at 5.)

On the HOC's disciplinary unit (cell blocks A-Z, B-Z, O-Z), HOC staff deny inmates' requests for things like indigent postage and hygiene, and "law library." (ECF No. 1 at 5.) These requested items "are seen as privileges and intentionally, recklessly disregarded to confuse, disorient inmates, sometimes causing further mental damage like: stress, anxiety, depression, suicidal or homicidal thoughts toward staff and oneself, or other inmates." (*Id.* at 5-6.) Sometimes when staff bring

---

[1] Chapter 350 of the Wisconsin Administrate Code pertains to jails. Section 350.24(3), Discipline for a Major Violation, sets forth procedures to be used when jail staff members observe inmates committing "major violations." The procedures include a written report, notifying the inmate of the charges, and a due process hearing. *See* Wis. Admin. Code § DOC 350.24(3) (Westlaw, current through Wisconsin Register 759, published March 25, 2019).

inmates a stack of paper from their property which is supposed to be legal documents, the stack of paper is miscellaneous paper of no value.

On November 9, 2018, Bogan was sent to O-Z cell block for refusing to accept a "TB shot." (ECF No. 1 at 6.) Staff refused him "all of [his] property." (*Id.*) On February 23, 2019, Bogan was sent to "the cell block" and defendant CO Curd did not give him anything but deodorant. (*Id.*)

In addition to HOC staff members' continual abuse of WDOC 350, they also physically, mentally, emotionally, and spiritually abuse inmates. For example, "postage coming up missing incoming and outgoing especially if they: HOC staff feels the targeted individual is a threat to their tyrannical control." (ECF No. 1 at 7.)

Bogan believes he will be targeted by all defendants for filing this complaint. The methods listed below are currently being used to torture inmates who peacefully resist the HOC's unnecessary forced servitude. All of the defendants sanction the actions committed by regular officers in their "Concentration Camp: HOC." (ECF No. 1 at 8.)

1) Unnecessary control, isolation by placing in cell block A-Z, B-Z, O-Z disciplinary unit.

2) Depriving the individual of his/her due process right to correspond with family, friends, or love ones, the court and media.

3) Intentional stealing of postage mail, both incoming, outgoing.

4) Subjecting the individual to mental, emotional, spiritual abuses.

5) Unnecessary shakedowns, strip searches, harassment by staff for reporting abuses.

6) Forcing the individual or group of inmates into military like stress positions on their bunks, face down in a boat positions hands behind their backs interlocked: a banana sort of position not in the current inmate hand book or WDOC 350 Rules.

7) Leaving inmates in dirty cells in the disciplinary units A-Z, B-Z, O-Z with very intense high voltage lights on all day and nights just 2-feet above the head of an inmate average height 5'8" to 6'0" to affect the eyes very badly.

(*Id*. at 7-8.)

For relief, Bogan seeks "immediate halt to this criminal act and punishment for above law breaking" and an investigation into HOC abuse. He also seeks $2,500.00 from each defendant.

*2.3. Analysis*

Bogan raises claims alleging that HOC staff do not follow Wisconsin's administrative rules that provide for due process related to major violations. Although the rule he cites, Wis. Admin. Code § DOC 350.24, relates mainly to due process hearings, Bogan does not allege that he was placed in disciplinary status without a hearing or that HOC staff otherwise failed to provide due process related to discipline.

Bogan also states that HOC officers violate all inmates' rights when they are on the disciplinary unit. But Bogan lacks standing to assert the rights of other prisoners; he may only challenge violations of his own rights. He may not proceed on a claim based on the violation of other inmates' rights. *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996); *Massey v. Helman*, 196 F.3d 727, 739-40 (7th Cir. 1999); *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) ("Precedent dictates that a prisoner who

6

initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violation of his own constitutional rights and, absent a request for class certification, lacks standing to assert he constitutional rights of other prisoners."). Likewise, Bogan's concern that HOC staff may target him for filing this case does not state a claim because he does not allege that any defendant violated *his* constitutional rights. *See Buchanan-Moore*, 570 F.3d at 827.

Bogan alleges two specific instances when he was refused property. First, when he was sent to the disciplinary unit on November 9, 2018, HOC staff refused to give him all of his property. Bogan does not say how long he was confined on disciplinary status or how long he went without his property. He also does not allege the involvement of any defendant related to his placement in the disciplinary unit on November 9, 2018. Thus, these allegations do not state a claim that his constitutional rights were violated. *See Buchanan-Moore*, 570 F.3d at 827.

Bogan also states that on February 23, 2019, he was sent to the cell block (presumably, the disciplinary unit) and that defendant Curd did not give him anything but his deodorant. Bogan again does not state how long he went without his property or how long he was on the cell block. These sparse allegations do not state a claim that Curd violated his constitutional rights. *See Reed v. Bowen*, ___ Fed. App'x. ___, 2019 WL 1873026, at *2 (7th Cir. April 26, 2019) ("In bringing a conditions-of-confinement claim, a pretrial detainee 'can … prevail by showing that the actions are

not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'''").

In short, Bogan's complaint does not state a plausible claim against any defendant for a violation of his constitutional rights. But the court will give him a chance to file an amended complaint. If Bogan wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **May 30, 2019**.

Bogan is advised that plaintiffs may only bring § 1983 claims against individuals who were personally involved in the constitutional deprivations they purport to have suffered. *See Vinning–El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). The personal involvement requirement applies to all HOC staff members, including supervisors; plaintiffs may not rely on the doctrine of *respondeat superior* to sue supervisors under § 1983 for harms allegedly caused by their subordinates. *See Iqbal*, 556 U.S. at 676; *Lanigan v. Village of E. Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997). If a supervisor consented to the challenged conduct or directed it, however, that supervisor's personal involvement is a sufficient basis on which to base liability. *See Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001) (holding that a supervisory defendant to a § 1983 suit would be deemed sufficiently involved if he "directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent").

When writing his amended complaint, Bogan should provide the court with enough facts to answers to the following question: 1) Who violated his constitutional

rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? Bogan's complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate his rights.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If an amended complaint is received, the court will screen it pursuant to 28 U.S.C. § 1915A.

## ORDER

**IT IS THEREFORE ORDERED** that Bogan's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Bogan's complaint (ECF No. 1) fails to state a claim.

**IT IS FURTHER ORDERED** that Bogan may file an amended complaint that complies with the instructions in this order. If Bogan chooses to file an amended complaint, he must do so by **May 30, 2019**. If Bogan files an amended complaint by the deadline, the court will screen the amended complaint as required by 28 U.S.C. § 1915A. **If Bogan does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his**

**original complaint and will issue him a strike as required by 28 U.S.C. § 1915(g).**

**IT IS FURTHER ORDERED** that the Clerk of Court's Office mail Bogan a prisoner complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Bogan shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Bogan's prison trust account in an amount equal to 20% of the preceding month's income credited to Bogan's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Bogan is transferred to another institution (county, state, or federal), the transferring institution shall forward a copy of this order along with Bogan's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Bogan is confined (the Milwaukee County Sheriff) and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53202.

**IT IS FURTHER ORDERED** that Bogan shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.

It will only delay the processing of the matter.

Bogan is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 9th day of May, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge