# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ANTWAN BOGAN,**

      Plaintiff,

      **v.**                                                  **Case No. 19-CV-331**

**MICHAEL HAFMAN, et al.,**

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Antwan Bogan, who is confined at the Milwaukee County Jail, filed a *pro se* complaint alleging that the defendants violated his constitutional rights when he was confined at the Milwaukee County House of Correction. On May 9, 2019, the court screened the complaint, determined that it did not state a plausible claim for relief, and gave Bogan an opportunity to file an amended complaint. (ECF No. 9 at 6-9.) Bogan has filed an amended complaint, which the court will now screen under 28 U.S.C. § 1915A.

### 1. Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## 2. Amended Complaint's Allegations

Bogan alleges that administration and correctional officers at the Milwaukee County House of Correction (HOC) violated his constitutional rights. He is suing Michael Hafman, Hernandez, HOC Administration, CO I Raymark, CO Curd, Capt. Keys, Lt. Tartdiff, and Sgt. Wilder. Bogan describes two separate incidents.

First, on November 9, 2018, Bogan refused a tuberculosis shot from medical staff because they were unable to tell him what chemical compounds made up the shot and explain to him how it worked. Bogan was curious as to how medical staff would want to administer him a shot but could not explain its value or health potential. He refused the shot on "moral grounds" and knew that HOC staff could quarantine him for refusing it. Defendant Lt. Tartdiff ordered that Bogan be taken to "O-2 med. Lockdown." (ECF No. 1 at 3.) Bogan was deprived of all property, except one Bible, a stack of papers, one deodorant, and one toothbrush. Defendant Sgt. Wilder took Bogan to O-2. When Bogan requested his property, Wilder explained that, per HOC policy, he would not receive anything in the "hole" until he complied with the shot. Bogan was confined in O-2 for four to five days without property, until he "was forced to take the shot to get his property back." (*Id.* at 4.) He "was placed in the cold cell with one blue blanket, no sheets, no mail incoming or outgoing, legal or personal, no toothpaste, soap, books, absolutely nothing, all to force his compliance to accept a TB shot to which he knew nothing of." (*Id.*)

Regarding the second incident, on February 23, 2019, defendant CO Curd sent Bogan to cell block A-2 "for nothing" because CO Curd assumed Bogan was causing a disturbance. Defendant Capt. Keys authorized defendant CO Curd to unlawfully deprive Bogan of all of his property and send it to the property room until his release from the hole more than five days later. While in the hole, Bogan

> was unlawfully deprived of his right to correspond with family, friends,
> loved ones, denied access to his personal or legal mail, the courts, media,
> law library, books, paper, pencils, photos, stamps, clean sheets, any form

3

of hygiene material and intentionally placed in an unclean cell where other inmates had urinated on walls, and raw mattresses, inmate have ejaculated semen on walls, mattresses and have thrown feces all over the cells to which staff are denied to allow inmate to clean cells regularly, maybe once a month[.]

(*Id.* at 4-5.)

Placement in the hole caused Bogan physical and mental health problems, including thoughts of suicide. He seeks an immediate stop to this criminal act and $10,000 from each defendant.

## 3. Discussion

Based on online court records, Bogan is confined at the Milwaukee County Jail on a federal detainer. *See* http://www.inmatesearch.mkesheriff.org/ (last visited June 19, 2019). Because Bogan is currently on a federal detainer, the court assumes he was a pretrial detainee when confined at the HOC during the events described in the amended complaint.

Bogan appears to be challenging both the reasons he was placed in segregation and the conditions of confinement in segregation on two separate occasions. "A pretrial detainee may not be subjected to conditions that amount to 'punishment,' such as being placed in segregation to reprimand him for infractions of Jail rules, without due process." *Potts v. Moreci*, 12 F. Supp. 3d 1065, 1074 (N.D. Ill. 2013) (citing *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999)). Bogan's allegations regarding his placement in segregation implicate his right to procedural due process.

4

"In bringing a conditions-of-confinement claim, a pretrial detainee 'can …
prevail by showing that the actions are not 'rationally related to a legitimate
nonpunitive governmental purpose' or that the actions 'appear excessive in relation
to that purpose.'" *Reed v. Bowen*, ___ Fed. App'x ___, 2019 WL 1873026, at *2 (7th
Cir. April 26, 2019). Bogan's allegations state a claim for unconstitutional conditions
of confinement regarding his two placements in segregation.

However, Bogan's first placement in segregation was for refusing a shot,
involves defendants Tartdiff and Wilder, and took place over three months before
Bogan's second placement in segregation, which was "for nothing" and which involves
defendants Curd and Keys. Under the controlling principle of Federal Rule of Civil
Procedure 18(a), "[u]nrelated claims against different defendants belong in different
suits" so as to prevent prisoners from dodging the fee payment or three strikes
provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607
(7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party
claim may join, as independent or alternate claims, as many claims as it has against
an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against
a single party are fine, but Claim A against Defendant 1 should not be joined with
unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, joinder
of multiple defendants into one action is proper only if "any right to relief is asserted
against them jointly, severally, or in the alternative with respect to or arising out of
the same transaction, occurrence, or series of transactions or occurrences; and any

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The court finds that the amended complaint violates Rules 18 and 20 insofar as it advances unrelated claims against unrelated defendants. Bogan's claim regarding his first placement in segregation is distinct from his claim regarding his second placement in segregation. He may not proceed on the amended complaint but will be allowed to file a second amended complaint incorporating either one of his two claims. If he wants to pursue the other claim, he must file a new lawsuit to do so.

Bogan is advised that his second amended complaint must be filed on the enclosed form, must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior amended complaint and must be complete in itself without reference to the amended complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If a second amended complaint is received, the court will screen it pursuant to 28 U.S.C. § 1915A. Failure to file a second amended complaint within this time period may result in dismissal of this action.

**THEREFORE, IT IS ORDERED** that Bogan must file a second amended complaint on or before **July 18, 2019**, which contains only related claims as described in this Order.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail Bogan a prisoner complaint form along with this order.

Dated at Milwaukee, Wisconsin this 21st day of June, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge